LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 North Central Avenue, Suite 1600
PHOENIX, ARIZONA  85004
(602) 271-7700
DONALD WILSON JR. (005205)
BRIAN HOLOHAN (009124)
DWJ@BOWWLAW.COM
BH@BOWWLAW.COM

Attorneys for Defendant Wilton Person

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Nexa Mortgage, LLC, an Arizona limited liability company,<br><br>                    Plaintiff,<br><br>v.<br><br>Smart Mortgage Centers, Inc., an Illinois for-profit corporation; and Wilton A. Person,<br>                    Defendants. | CASE NO. 2:23-cv-00410-SPL<br><br>**DEFENDANT WILTON PERSON'S MOTION TO DISMISS** |

Pursuant to FRCP Rule 12(b)(2), Defendant Wilton A. Person moves to dismiss Plaintiff's Complaint as to him on the basis the court lacks personal jurisdiction over him. This motion is supported by the following Memorandum of Points and Authorities and declaration of Wilton A. Person.

Dated 8th day of March, 2023.

BROENING, OBERG, WOODS & WILSON, P.C.

By/s/ Donald Wilson, Jr.
Donald Wilson, Jr.
Brian Holohan
Attorneys for Defendant Person

## MEMORANDUM OF POINTS AND AUTHORITIES

This case arises from a series of lawsuits that Defendant Wilton Person, an Illinois lawyer, commenced on behalf of his Illinois citizen client (Defendant Smart Mortgage) in Illinois against Plaintiff and (in one case) against one of Plaintiff's Illinois employees. Where is there any connection between that series of events and Arizona? Plaintiff alleges (seemingly with a straight face) that it is an Arizona citizen and that Mr. Person and his client knew that commencing Illinois lawsuits against Plaintiff would cause injury to Plaintiff in Arizona. Stated another way, there mere fact Defendants sued Plaintiff, an Arizona citizen, somewhere other than Arizona is sufficient to satisfy the due process requirements of personal jurisdiction.

Plainly, it is not. There is no personal jurisdiction over Mr. Person – whose declaration establishes beyond any question that he is an Illinois citizen who has no contact whatever with Arizona – in Arizona. The case against him should be dismissed.

## LEGAL ANALYSIS

A district court sitting in diversity has personal jurisdiction over a defendant to the extent provided by the law of the forum state. *Warfield v. Gardner*, 346 F. Supp. 2d 1033, 1038 (D. Ariz. 2004). Arizona's long arm rule, Ariz.R.Civ.Pro. Rule 4.2(a), now explicitly extends Arizona courts' ability to exercise jurisdiction over out-of-state defendants to the full extent permitted by the United States Constitution.

**General jurisdiction**

It is well established that in order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Two types of personal jurisdiction have been recognized. The first is general jurisdiction. For general jurisdiction to exist, the defendant must engage in "continuous and systematic

1    general business contacts," *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S.

2    408, 416 (1984), that "approximate physical presence" in the forum state. *Bancroft &*

3    *Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000). "A state court may

4    exercise general jurisdiction only when a defendant is 'essentially at home' in the State . . .

5    Only a select 'set of affiliations with a forum' will expose a defendant to such sweeping

6    jurisdiction." *Ford Motor Co. v. Montana Eighth Judicial District Court*, 592 U.S. __, __ ,

7    141 S.Ct. 1017, 1024 (2021).

8         There is, unquestionably, no general jurisdiction over Mr. Person in Arizona. The

9    Complaint makes no effort to allege otherwise, or to allege facts from which general

10   jurisdiction could be found.

11        **Specific jurisdiction**

12        The other form of personal jurisdiction is specific jurisdiction. This is the so-called

13   minimum contacts standard. *Bancroft & Masters, Inc.*, 223 F.3d at 801-2. The Arizona

14   Supreme Court's most recent specific personal jurisdiction pronouncement is *Planning*

15   *Group of Scottsdale, L.L.C. v. Lake Mathews Mineral Properties, Ltd.*, 226 Ariz. 262, 246

16   P.3d 343 (2011).[1] *Planning Group* holds that a court in this state has specific jurisdiction

17   over an individual "when the aggregate of the defendant's contacts with this state

18   demonstrate (1) purposeful conduct by the defendant targeting the forum, rather than

19   accidental or casual contacts or those brought about by the plaintiff's unilateral acts, (2) a

20   nexus between those contacts and the claim asserted and (3) that exercise of jurisdiction

21   would be reasonable."

22        The Ninth Circuit has a similar standard:

23   _____

24        [1]In *Beverage v. Pullman & Comley, LLC*, 234 Ariz. 1, (2014), the Arizona Supreme
     Court affirmed the Court of Appeals' decision in a case involving specific jurisdiction. The
     Supreme Court held that the Court of Appeals "properly extrapolated" the *Planning Group*
25   holding and offered only a minor clarification of the import of certain facts to the specific
     jurisdiction analysis in that case. 234 Ariz. at 3 ¶¶2-3. Nevertheless, the *Beverage* Court did
26   not change the *Planning Group* specific jurisdiction analysis.

1

2

3

"(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

4

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

5

6

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

7

8

9

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987)). Analyzed under either standard, all three elements are missing.

10

### 1. Mr. Person engaged in no conduct targeting Arizona

11

12

13

14

15

16

17

In determining what constitutes purposeful conduct targeting a forum, the United States Supreme Court has held that "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985) (internal citation omitted). The purposeful availment requirement "ensures that a defendant will not be hauled into a jurisdiction solely as a result of 'random,' 'fortuitous' or 'attenuated' contacts." *Id.*

18

19

20

21

22

23

24

25

Purposeful availment, one of the two standards under the first prong of the Ninth Circuit formulation, requires viewing the defendant's contact with the forum state to determine whether the defendant "'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* at 802 (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)). Purposeful direction, by contrast, focuses on the defendant's actions outside the forum state that are directed at the forum. *Id.* at 803. The former is a contract-based analysis; the latter is used in suits sounding in tort. *Id.* at 802.

26

. . .

The focus for personal jurisdiction purposes is the Defendant's conduct. *Sinatra v. Nat'l Enquirer, Inc.,* 854 F.2d 1191, 1195 (9th Cir. 1988). In order for purposeful availment to exist, the defendant need have 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.' *Sher v. Johnson,* 911 F.2d 1357, 1362 (9th Cir. 1990) (quoting *Sinatra,* 854 F.2d at 1195)). To meet the purposeful direction test, there must be "express aiming," which is satisfied when the defendant's allegedly wrongful conduct was "expressly aimed" at the forum state in which the harm occurred. *Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir. 2002) (citing *Calder v. Jones,* 465 U.S. 783, 788-89 (1984).

Both *Planning Group* and *Beverage* demonstrate what is required for "targeting" under the Arizona standard and how such targeting is absent here. In *Planning Group,* the Planning Group of Scottsdale ("TPG") was made aware of an investment opportunity in California, provided by Lake Mathews Mineral Properties ("Lake Mathews"). 226 Ariz. at 264, ¶2. Lake Mathews, a California based partnership, solicited an investment from TPG by mailing a due diligence report from its office in California for delivery to representatives of TPG in Arizona. *Id.,* ¶3. After TPG received the report, its representatives engaged in extensive communications via telephone, email, and fax with representatives of Lake Mathews. *Id.,* ¶4. Eventually, TPG representatives traveled to California to meet with representatives of Lake Mathews. *Id.,* ¶5. After this meeting, Lake Mathews faxed a preliminary agreement to TPG in Arizona which provided for immediate funding on the mining project from TPG in exchange for a promise to repay the loan at a 9% interest rate. *Id.* at 265, ¶6. TPG signed the agreement and sent initial payments to Lake Mathews according to the preliminary agreement's terms. *Id.,* ¶ 7. After failing to reach a more definite agreement, TPG filed a complaint in Arizona alleging tort and breach of contract claims. *Id.,* ¶9.

. . .

1    The Supreme Court reversed the trial court's dismissal,[2] finding that the "issue, after

2    all, is whether the aggregate of the defendants' contacts with this state make it fair and

3    reasonable to haul them into court here with respect to the claims arising out of those

4    contacts." *Id.* at 268, ¶25. The Court held that "the enterprise that would allow the defendants

5    to repay the loan was outside the forum state, but the contract itself ha[d a] sufficient

6    relationship to the forum state to support specific jurisdiction." *Id.* at 270, ¶33 (emphasis

7    added). Unlike in *Planning Group*, where the out-of-state party was directing actions at

8    Arizona, Mr. Person did not enter into any agreement or direct any action towards this State

9    which would support a finding of jurisdiction.

10    In *Beverage* the Court of Appeals found personal jurisdiction over a Connecticut

11    law firm which "accepted a telephone call from Beverage's Arizona agent, sent

12    promotional materials about the law firm to Beverage's agent in Arizona, then

13    affirmatively agreed to represent Beverage, knowing he lived in Arizona. In connection

14    with that representation, the [firm] accepted Beverage's request that they analyze the *bona*

15    *fides* of [a] tax shelter, then drafted and issued an opinion letter to Beverage in Arizona,

16    knowing that Beverage would rely on the letter in filing his federal income tax return from

17    Arizona." 232 Ariz. at 417, ¶11.

18    In the two Arizona cases, there was some act by the defendant committed in, or

19    directed at, Arizona. Under the federal standard, the defendant's conduct must be aimed at

20    Arizona causing harm there. This element is lacking here. Here Mr. Person did nothing to

21    target Arizona. Yes, Mr. Person sued an Arizona resident in Illinois,[3] but that is not enough.

22

23    [2]*Id.* at 271 ¶42.

24    [3]The Complaint alleges that Plaintiff "has been granted 60 financial licenses" but
stops short of explicitly alleging it holds an Illinois Mortgage Banking license. Nevertheless,
the court may take judicial notice of the fact Plaintiff holds a Mortgage Banker's license in

25    Illinois. https://idfpr.illinois.gov/Banks/MBLookup/MBList.htm. That Plaintiff did business
in Illinois pursuant to its Illinois license only reinforced the conclusion Illinois was the

26    proper forum.

The various lawsuits at issue all alleged wrongful conduct occurring in Illinois.[4] That Mr. Person supposedly had to have known that the Illinois lawsuits would negatively impact an Arizona resident in Arizona is not the standard. *LNS Enterprises, LLC v. Continental Motors, Inc.*, 22 F.4th 852 (9th Cir. 2022) (Defendant's alleged knowledge of product malfunctions in other states insufficient to show that defendant purposefully availed itself of the privilege of doing business in Arizona.)

If the rule was otherwise, any time a nonresident lawyer commences a lawsuit in another state against an Arizona resident, that nonresident lawyer would be subject to suit in Arizona on that basis alone. By the same reasoning, every nonresident litigant could be hauled into Arizona court when the only contact with Arizona was suing an Arizona resident in another state. How could that be constitutionally permissible?

### 2. There is no causal nexus

The next requirement – a nexus between Mr. Person's contact with Arizona and the claims being made by Plaintiff – is not only absent, but also underscores that specific jurisdiction over Mr. Person in Arizona for acts he performed in Illinois is not constitutionally proper.

> [T]he forum State may exercise jurisdiction in only certain cases. The plaintiff's claims, we have often stated, "must arise out of or relate to the defendant's contacts" with the forum . . . Or put just a bit differently, "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'"

*Ford Motor Co.*, 592 U.S. at ___ , 141 S.Ct. at 1025 (internal citations omitted). There is no allegation in the Complaint that Mr. Person committed any act *in* Arizona. The "activity or ... occurrence that takes place in the forum State" required by Supreme Court precedent is completely – and conspicuously – absent.

---

[4] Oddly, one of the lawsuits, the so-called defamation action alleged at ¶¶38 to 43, was against a Nexa employee not Plaintiff Nexa itself. The claim that Mr. Person knew that Plaintiff would somehow be harmed as a result makes no sense.

**3.  It would be unreasonable to exert personal jurisdiction**

The analysis of the reasonableness of exercising personal jurisdiction is only undertaken if minimum contacts are first found. *Planning Group,* 223 Ariz. at 270, ¶ 37. Because Mr. Person lacks minimum contacts with Arizona, the Court need not reach this issue. But Mr. Person's complete lack of contacts with Arizona, coupled with the fact that every allegedly wrongful act committed by Mr. Person occurred in Illinois and the fact that the Nexa employees who were allegedly wrongly targeted reside in Illinois, only underscore the lack of any arguable basis for personal jurisdiction over Mr. Person.

## CONCLUSION

There is no personal jurisdiction over Mr. Person in Arizona. The Court should therefore dismiss the case against him.

Dated 8th day of March, 2023.

BROENING, OBERG, WOODS & WILSON, P.C.

By */s/ Donald Wilson, Jr.*
Donald Wilson, Jr.
Brian Holohan
Attorneys for Defendant Person

### CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on March 8, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing, and via Email, to the CM/ECF registrants:

Jeffrey C. Matura, State Bar No. 019893
John J. Daller, State Bar No. 034016
**BARRETT & MATURA, P.C.**
8925 East Pima Center Parkway, Suite 215
Scottsdale, Arizona 85258

By */s/ Karleen Johnston*