Lance R. Broberg (SBN 024103)
Nicholas A. Beatty (SBN 036230)
**TB TIFFANY & BOSCO**
SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
T: (602) 255-6000 | F: (602) 255-0103
E: lrb@tblaw.com | nab@tblaw.com
*Attorneys for Plaintiff NEXA Mortgage, LLC*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NEXA Mortgage, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>Smart Mortgage Centers, Inc.; and Wilton A. Person,<br><br>Defendants. | Case No.: CV-23-00410-PHX-SPL<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT WILTON PERSON'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

Plaintiff NEXA Mortgage, LLC ("NEXA"), by and through its undersigned counsel, hereby responds to defendant Wilton Person's ("Person" or "Defendant"), motion to dismiss under FRCP Rule 12(b)(2) for lack of personal jurisdiction.

**INTRODUCTION AND STATEMENT OF FACTS**

It is a well-established principle of law that an individual who intentionally targets tortious actions towards a defendant residing in the forum state can foresee being hailed into Court. That is precisely what NEXA's Complaint, ECF No. 1-6, alleges. Indeed, the Complaint alleges that Mr. Person has "targeted NEXA, its CEO, the CEO's wife's company, Secured Mortgage Processing ("SMP") – all Arizona residents/citizens" with a string of harassing and unfounded litigation for "the purpose of interfering with NEXA's

PLAINTIFF'S RESPONSE TO DEFENDANT WILTON PERSON'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
- 1 -

business. And, Defendants have engaged in this activity with full knowledge and intent to harm NEXA, which Defendants know is a citizen of the State of Arizona." Compl. at ¶ 6. Further, it alleges that "Defendants' actions are specifically, consciously, and continuously targeted at an Arizona resident. As such, it is foreseeable that Defendants would be hailed into Court to address their tortious acts intended to cause harm in the State of Arizona." Compl. at ¶ 7. Mr. Person's citizenship, and self-serving declaration, ECF No. 4-1, that he "did not intend to target Arizona" are not material to this Court's inquiry and the motion to dismiss, ECF No. 4, ("Motion") should be denied.

## ARGUMENT

Personal jurisdiction is appropriate to the extent provided by Arizona, and Arizona's long arm statute extends to the same extent as the United States Constitution. Ariz. R. Civ. P. 4.2(a); Motion at 2.

Indeed, there is ample basis to assert specific jurisdiction over Defendant Person. Courts in the Ninth Circuit apply a three-part "minimum contacts" test to determine whether a defendant has sufficient contacts to subject to specific personal jurisdiction. *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). Those three factors are whether:

(1) the defendant has "purposefully direct[ed] his activities toward the forum or purposefully avail[ed] himself of the privileges of conducting activities in the forum";

(2) the litigation "arises out of or relates to the defendant's forum related activities"; and

(3) exercising jurisdiction "comport[s] with fair play and substantial justice, i.e. it must be reasonable."

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (citing *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). The first two prongs are the plaintiff's burden to show, while the third prong requires the defendant to "present

a compelling case." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted). Each of these prongs is satisfied as to Mr. Person.

### I.     Mr. Person Purposefully Directed His Activities at Arizona

To meet the first element—that the defendant purposefully directed activities at the forum state—the plaintiff must show the defendant "either (1) 'purposefully availed' himself of the privilege of conducting activities in the forum, or (2) 'purposefully directed' his activities towards the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (quoting *Schwarzenegger*, 374 F.3d at 802). The purposeful direction analysis is most commonly applied in cases alleging tortious conduct.  Here, NEXA has alleged a single claim for tortious interference with business expectancy and relations. *Mavrix Photo, Inc. v. Brand Techs. Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011); *see generally* Compl.

In determining whether a defendant's actions constitute purposeful direction, courts apply the "effects" test that was developed in the unanimous United States Supreme Court decision in *Calder v. Jones*, 465 U.S. 783, 789-90 (1984). The "effects" test requires that "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1206 (9th Cir. 2006).

Here, applying the *Calder* effects test, NEXA has alleged that Person intentionally filed a multitude of lawsuits in bad faith and without basis, simply to prevent NEXA from obtaining licenses required to do business. Compl. at ¶ 3, 71-75, 84. Moreover, those lawsuits were aimed at Arizona because that is where NEXA had to be served, that is where NEXA is headquartered, and that is where its CEO, Mike Kortas, lives, who was also sued in these baseless litigations. Compl. at ¶1, 6. Additionally, another Arizona corporation – Secured Mortgage Property – headed by Mr. Kortas' wife (also an Arizona resident) has been sued by Mr. Person. So, two natural persons residing in Arizona and

PLAINTIFF'S RESPONSE TO DEFENDANT WILTON PERSON'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

- 3 -

two Arizona corporations have all been the subject of, or affected directly by, Mr. Persons' tortious activities aimed toward Arizona. Moreover, these are not isolated acts, but the result of three lawsuits, spanning eighteen total complaints initiated by Mr. Person to target these Arizona citizens. Compl. at ¶ 6, 80, 83-84. These are not isolated incidents but a stream of consistent and repetitive behavior continuously targeting specific Arizona citizens, with the intent of causing harm.

Mr. Person knows and realizes the harm he is causing to be suffered in Arizona. He knew and intended for his actions to interfere with NEXA's business licenses and its reputation as an Arizona company, just as he intended the related litigation against Mr. Kortas' wife's company, Secured Mortgage Processing. He knew these actions would harm Arizona citizens, including NEXA's CEO and the CEO's wife. Compl. at ¶ 6, 80, 83-84. And, NEXA received service of each of these lawsuits through Mr. Person's actions in causing service upon NEXA. Filing lawsuits and amendments that are meritless simply to interfere with an Arizona corporation and residents' professional pursuits and intentionally cause injury is exactly the type of ongoing and persistent tortious behavior that satisfies the *Calder* effects test. Indeed, damage to reputation and damage to a company is sufficient to allege purposeful direction. *Power of Fives LLC v. B&R Enter. Inc.*, No. CV-22-00722-PHX-JJT, 2023 WL 244499, at *6 (D. Ariz. Jan. 18, 2023) (defendant's intentional act causing damage by adversely affecting sales in Arizona and hampering the plaintiff's reputation in Arizona satisfies the purposeful direction test).

It is simply not true that Mr. Person can avoid jurisdiction merely because he is an Illinois resident. In *Brainerd v. Governors of the University of Alberta*, the Ninth Circuit held that an Arizona court could exercise specific jurisdiction over Canadian residents who, in response to telephone calls directed to them in Canada, made statements that allegedly defamed a person they knew resided in Arizona. 873 F.2d 1257, 1259-60 (9th Cir. 1989). Several other cases confirm that the specific targeting of an individual known

PLAINTIFF'S RESPONSE TO DEFENDANT WILTON PERSON'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
- 4 -

to reside in Arizona satisfies the *Calder* effects test. *See e.g.*, *Saliba v. Am. Airlines Inc.*, No. CV-22-00738-PHX-SPL, 2023 WL 1107693, at *4 (D. Ariz. Jan. 27, 2023) ("A defendant's injurious communications with a plaintiff known to reside in the forum state give rise to personal jurisdiction even if the defendant himself was out of state."); *Atkins v. Calypso Systems, Inc.*, No. CV-14-02706-PHX-NVW, 2015 WL 5856881, at *7 (D. Ariz. Oct. 8, 2015) (finding specific jurisdiction where the plaintiff alleged that a defendant "intentionally called and emailed a person in Arizona, and those communications caused injury."); *Gordy v. Daily News, L.P.*, 95 F.3d 829, 833 (9th Cir. 1996) (holding that specific jurisdiction existed in light of evidence of "targeting" of the plaintiff, who was a forum resident); *Lake v. Lake*, 817 F.2d 1416, 1422-23 (9th Cir. 1987) (holding specific jurisdiction was proper where defendant performed foreign acts for the purpose of having their consequences felt in the forum state); *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1398 (9th Cir. 1986) (finding purposeful availment where forum effect of a foreign act "was not only foreseeable, it was contemplated and bargained for"). This is precisely the allegations set forth in the Complaint against Mr. Person. It is not relevant that he is an Illinois resident because the inquiry is satisfied if he targeted NEXA as an Arizona resident, seeking to cause harm. *See generally id.*

**II.     NEXA's Lawsuit Arises Out of Mr. Person's Forum-Related Conduct**

The "arising out of" requirement is met if "but for" the contacts between the defendant and the forum state the cause of action would not have arisen. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995). Here, but for Mr. Person's tortious actions, NEXA would not have a cause of action against him, satisfying this element. Indeed, this action is the direct result of the tortious actions aimed at the forum. Accordingly, this factor is easily satisfied.

### III.     It Is Reasonable to Assert Jurisdiction Over Mr. Person

Finally, the exercise of jurisdiction must be reasonable, but it is the defendant's burden to show that the exercise of jurisdiction is unreasonable. *See Schwarzenegger*, 374 F.3d at 802. The Ninth Circuit considers seven factors to determine whether the exercise of specific jurisdiction over a defendant is reasonable: (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant of litigating in the forum, (3) the extent of conflicts with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the dispute, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *See Ziegler v. Indian River County*, 64 F.3d 470, 475 (citing *Terracom*, 49 F.3d at 561). Notably, fairness can be proper even if the defendant is an out of state resident, hence the need for the court to evaluate fairness in the first place. *See id.*

Here, on balance, the exercise of personal jurisdiction over Mr. Person is reasonable. First, Mr. Person purposefully interjected himself into the forum by taking numerous actions against known Arizona residents, with the intent to harm their reputation and harass. *These actions are ongoing, continuous, and systemic.* Second, although Mr. Person resides in Illinois, the Ninth Circuit recognizes that "[m]odern advances in . . . transportation have significantly reduced the burden of litigation in another [forum]." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1115 (9th Cir. 2002). The third factor weighs in favor of Plaintiff because Arizona law applies to Plaintiff's claim. The fourth factor also weighs in favor of Plaintiff because "Arizona has a strong interest in protecting" its citizens – including Mr. Kortas and his wife, as well as NEXA and Secured Mortgage Processing, "against tortious interference." The fifth factor is neutral at best because witnesses are likely based in both Arizona and Illinois, however an Arizona court will resolve a case under Arizona law more efficiently. The sixth factor weighs in favor of

PLAINTIFF'S RESPONSE TO DEFENDANT WILTON PERSON'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

- 6 -

Plaintiff because it is an Arizona entity. The seventh factor is neutral; "the existence of an alternative forum is only an issue if jurisdiction in the forum is shown to be unreasonable." *Power of Fives LLC*, 2023 WL 244499 at *8. In all, the exercise of jurisdiction is not unreasonable here particularly given Mr. Person's ongoing actions of targeting multiple Arizona citizens. Accordingly, Defendants' motion should be denied.

## CONCLUSION

There is a more than sufficient basis to assert personal jurisdiction over Mr. Person and accordingly, the Motion should be denied.

Respectfully submitted this 21st day of April 2023.



By:   */s/ Lance R. Broberg*
      Lance R. Broberg
      Nicholas A. Beatty
      Seventh Floor Camelback Esplanade II
      2525 East Camelback Road
      Phoenix, Arizona 85016-4237

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF registrants.

By:   */s/ Lance R. Broberg*