LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 North Central Avenue, Suite 1600
PHOENIX, ARIZONA 85004
(602) 271-7700
DONALD WILSON JR. (005205)
BRIAN HOLOHAN (009124)
DWJ@BOWWLAW.COM
BH@BOWWLAW.COM
Attorneys for Defendant Wilton Person

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Nexa Mortgage, LLC, an Arizona limited liability company,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>Smart Mortgage Centers, Inc., an Illinois for-profit corporation; and Wilton A. Person,<br>　　　　　　　Defendants. | CASE NO. 2:23-cv-00410-SPL<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT PERSON'S MOTION TO DISMISS** |

Plaintiff's response is almost more noteworthy for what it does not say. Although the plaintiff bears the burden of demonstrating that jurisdiction is appropriate when a defendant moves to dismiss, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004), no documents or declarations are attached to Plaintiff's response. Plaintiff's version of the facts is nothing more than a regurgitation of what is in the Complaint. A plaintiff cannot "simply rest on the bare allegations of its complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Marketing Systems, Inc. v. Jobar International, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977) (citing *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967)). Although uncontroverted factual allegations in the Complaint must be taken as true, courts "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix*

1  *Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011); *Data Disc, Inc. v.*
2  *Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

Judged against these standards, Plaintiff has made no showing that personal jurisdiction is appropriate here, not merely an insufficient showing. Mr. Person's unrebutted declaration (doc. 4-1) conclusively establishes that he is an Illinois citizen (¶2), who filed the challenged lawsuits in Illinois (¶7), on behalf of an Illinois citizen (¶6)), involving wrongful conduct alleged to have occurred in Illinois. (¶7.) Perhaps most importantly, Mr. Person avows that he was not intending to target Arizona nor purposefully availing himself or his client of the privilege of transacting business in Arizona. (¶8.) Plaintiff's multiple unsupported assertions of what Mr. Person knew or intended are conclusively overcome by his unrebutted declaration.

Undaunted, Plaintiff claims that the exercise of jurisdiction is proper in Arizona because it is supposedly well-established "that an individual who intentionally targets tortious actions towards a [plaintiff[1]] residing in the forum state can foresee being hailed [sic] into Court." (Doc. 14, p. 1.) That assertion is only half right. A person who intentionally commits tortious conduct toward another can expect to be haled into court; for personal jurisdiction to exist, the targeting has to be directed at the forum state, not merely at a plaintiff who happens to reside there. That conduct directed at the forum state is required is a point Plaintiff concedes more than once in its response (*Id*., p. 2, lines 19-20; p. 3, lines 5-6). *Planning Group of Scottsdale, L.L.C. v. Lake Mathews Mineral Properties, Ltd.,* 226 Ariz. 262, 246 P.3d 343 (2011), cited in our Motion to the same effect (doc. 4, p. 3), is conceded by silence.

To get around this missing point, Plaintiff argues that the so-called "effects test of *Calder v. Jones,* 465 U.S. 783, 789-90 (1984) fills the gap but even *Calder* requires conduct

---

[1] Plaintiff's response says "defendant." Purposeful direction towards a defendant is never part of the calculus. It is the plaintiff who has to be targeted in the forum state for jurisdiction to lie in the forum state. Presumably, Plaintiff's misuse of "defendant" is a reference to the fact Plaintiff was a defendant in the allegedly wrongful lawsuits.

2

expressly aimed at the forum state, yet another point Plaintiff concedes in its response. (Doc. 14, p. 3.) , *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995), Plaintiff's sole authority on causal nexus (discussed more *infra*) recognized that the purposeful availment standard "requires more than foreseeability of causing injury in another state" and cites *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) as authority.

Plaintiff claims targeting occurred here because Mr. Person allegedly filed the Illinois lawsuits "to prevent NEXA from obtaining licenses required to do business." (Doc. 14, p. 3.) Analyzed more closely, however, the Complaint falls short of alleging that the licenses Mr. Person allegedly sought to deny to Plaintiff were Arizona licenses. The only allegations from the Complaint cited by Plaintiff in its response on this issue, ¶¶71-75[2], are that the Illinois lawsuits were intended to interfere with Plaintiff's ability to be licensed in some states (the only state's license expressly alleged to have been affected is Massachusetts) but because Plaintiff affirmatively alleges that it has an Arizona license (doc. 1, ¶11) Arizona could not have been one of the licenses allegedly interfered with.

As a throw-in, Plaintiff asserts Mr. Person targeted Arizona "because that is where NEXA had to be served, that is where NEXA is headquartered, and that is where its CEO, Mike Kortas, lives, who was also sued in these baseless litigations." (Doc. 14, p. 3.) This is little more than another way of alleging that the mere fact Plaintiff was an Arizona resident is enough to confer personal jurisdiction in Arizona for allegedly wrongful contact that has no nexus with Arizona. Not surprisingly, Plaintiff has no authority for that proposition because there is none.

Similarly unavailing is Plaintiff's assertion that the causal connection between Mr. Person's allegedly tortious conduct and his (non-existent) Arizona contacts is satisfied here. Plaintiff wrongly asserts that the "'arising out of' requirement is met if 'but for' the contacts between the defendant and the forum state the cause of action would not have arisen,"[3] but

---

[2] Neither ¶3 nor ¶84 allege interference with Plaintiff's efforts to obtain licenses.

3Doc. 14, p. 5. The "but for" test set forth in Plaintiff's sole authority, *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995) was before the Supreme Court's seminal

then ignores its own misstatement of the law. "Here, but for Mr. Person's tortious actions, NEXA would not have a cause of action against him," Plaintiff asserts. That is true – that is the but for standard in every tort case – but Plaintiff's claim would have arisen regardless of the fact it is an Arizona citizen. Plaintiff could have sued in Illinois.

As noted, the causal nexus standard is set forth in *Ford Motor Co.*, another case cited in our Motion but ignored in the Response:

> [T]he forum State may exercise jurisdiction in only certain cases. The plaintiff's claims, we have often stated, "must arise out of or relate to the defendant's contacts" with the forum . . . Or put just a bit differently, "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'"

592 U.S. at ___ , 141 S.Ct. at 1025 (internal citations omitted). There is no causal link between Arizona and the allegedly wrongfully filed lawsuits in Illinois. The "bare allegation of harm or injury suffered in the forum state does not constitute an 'event' occurring within the state and thus does not by itself confer personal jurisdiction under Arizona's long-arm rule." *Taylor*, 383 F.2d at 639.

As its final point, Plaintiff argues the assertion of jurisdiction over Mr. Person in Arizona would be reasonable. Of course, this becomes an issue only if the court believes there is some link, any link, between Mr. Person and Arizona sufficient to satisfy due process. Even then, the exercise of personal jurisdiction must still be reasonable. Plaintiff argues that Mr. Person "purposefully interjected himself" in Arizona to satisfy one of the seven factors identified in *Schwarzenegger*. Even though this assertion is not true, not supported by any evidence and is contradicted by Mr. Person's declaration, it is emblematic of the lengths to which Plaintiff will go to try to keep this case in Arizona which has no interest whatever in this dispute.

---

opinion in *Ford Motor Co. v. Montana Eighth Judicial District Court*, 592 U.S. ___, 141 S.Ct. 1017 (2021) on what constitutes causal nexus. But for is not the standard under *Ford Motor Co.*

In that same vein, contrary to Plaintiff's assertion at page 6 of its Response, Arizona has no interest "in protecting its citizens . . . against tortious interference" that occurs in another state when, as here, it arises out of events that transpired in the other state. What Arizona contracts were affected? The Complaint does not say. By the same token, Plaintiff's claim that Arizona law applies is, well, hyperbolic. Every single act Mr. Person is alleged to have committed was committed in Illinois. How could an Illinois citizen's conduct in Illinois be governed by Arizona law? Under Plaintiff's reasoning, an Illinois court would apply Arizona law if this lawsuit were filed in Illinois. We all know that isn't true. If Illinois law applies to this Illinois dispute, is this court really able to decide it "more efficiently" than an Illinois court? Under Plaintiff's reasoning, the fact the answer is "no" cuts against asserting jurisdiction.

The filing of this lawsuit was the proverbial tit-for-[perceived] tat. It is not properly brought anywhere but certainly not in Arizona. The court should dismiss it.

Dated 5th day of May, 2023.

BROENING, OBERG, WOODS & WILSON, P.C.

By*/s/ Donald Wilson, Jr.*
    Donald Wilson, Jr.
    Brian Holohan
    Attorneys for Defendant Person

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I hereby certify that on May 5, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing, and via Email, to the CM/ECF registrants:

Lance R. Broberg, Esq.
Nicholas A. Beatty, Esq.
**TIFFANY & BOSCO, P.A.**
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
Attorneys for Plaintiff

By */s/ Shari Swartz*

5