Lance R. Broberg (SBN 024103)
Nicholas A. Beatty (SBN 036230)
**TB TIFFANY & BOSCO** P.A.
SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
T: (602) 255-6000 | F: (602) 255-0103
E: lrb@tblaw.com | nab@tblaw.com
*Attorneys for Plaintiff NEXA Mortgage, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NEXA Mortgage, LLC,<br><br>              Plaintiff,<br><br>vs.<br><br>Smart Mortgage Centers, Inc.; and<br>Wilton A. Person,<br><br>              Defendants. | Case No.: CV-23-00410-PHX-SPL<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT PERSON'S MOTION TO DISMISS** |

Plaintiff NEXA Mortgage, LLC ("NEXA"), by and through its undersigned counsel, hereby submits this Opposition to Defendant Wilton Person's ("Person" or "Defendant"), Motion to Dismiss for lack of personal jurisdiction.

**INTRODUCTION AND STATEMENT OF FACTS**

It is a well-established principle of law that an individual who intentionally targets tortious actions toward a defendant residing in the forum state can foresee being hailed into Court there. That is precisely what NEXA's Amended Complaint, ECF No. 26, alleges. Defendant Person "targeted NEXA, its CEO, the CEO's wife's company, Secured Mortgage Processing ("SMP") – all Arizona residents/citizens" with a string of harassing and unfounded litigation for "the purpose of interfering with NEXA's business. And, Defendants have engaged in this activity with full knowledge and intent to harm NEXA, which Defendants know is a citizen of the State of Arizona." Am. Compl. at ¶ 6. Further,

PLAINTIFF'S OPPOSITION TO DEFENDANT PERSON'S MOTION TO DISMISS

"Defendants' actions are specifically, consciously, and continuously targeted at Arizona residents and businesses. As such, it is foreseeable that Defendants would be hailed into Court to address their tortious acts intended to cause harm in the State of Arizona." Am. Compl. at ¶ 7. Defendant Person's citizenship, and self-serving declarations, ECF No. 4-1 and No. 28-1, that he "did not intend to target Arizona" are not material to this Court's inquiry and the Motion to Dismiss should be denied.

## PROCEDURAL BACKGROUND

Plaintiff filed its Complaint in this matter on or about December 21, 2022, in the Superior Court of Arizona for Maricopa County. Following service, Defendants removed the case to federal court on March 8, 2023. On the same day, Defendant Person filed a Motion to Dismiss. ECF. No. 4. On March 9, 2023, the Court entered a Preliminary Order governing the management of the case. ECF No. 5. On March 31, 2023, Defendant Smart Mortgage Centers, Inc. filed its Answer. ECF No. 18. On June 29, 2023, the Court Ordered that Defendant Person's Motion to Dismiss was granted with Leave to Plaintiff to Amend its Complaint. ECF No. 25. On July 12, 2023, Plaintiff filed and served on Defendants its Amended Complaint. ECF No. 26. On July 26, 2023, Defendant Person filed a Motion to Dismiss the Amended Complaint. ECF No. 28. On August 2, 2023, Defendant Smart filed an Answer to the Amended Complaint. ECF No. 30.

## ARGUMENT

**I.     Defendant's Motion Should Be Denied For Failing To Comply With The Court's Orders and Local Rules.**

Plaintiff filed its Amended Complaint on July 12, 2023, in accordance with the deadline set by the Court when it granted Defendant Person's first Motion to Dismiss with Leave to Amend the Complaint. *See* ECF No. 25 and ECF No. 26. In response Defendant Person filed this Motion without a certification as to counsel's efforts to meet and confer regarding the contents of the Motion prior to filing. This was not simply a procedural oversight. No efforts to meet and confer on the subject were ever undertaken. The Court's

March 9, 2023, Order is explicit that "any Motion made pursuant to Federal Rule of Civil Procedure 12 is discouraged if the challenged defect in the pleading can be cured by filing an amended pleading." ECF No. 5 at 3. Moreover, the docket summarizes the entire Order to identify "that motions pursuant to Fed. R. Civ. P. 12(b) are discouraged if the defect can be cured by filing an amended pleading. The parties must meet and confer prior to the filing of such motions to determine whether it can be avoided." *See* Court's Electronic Docket. Defendant Person was given further notice that this Motion fell within such obligations when the Court's June 29, 2023 Order identified that it considered that the deficiency Defendant Person alleges could be rectified by an Amended Complaint. Nevertheless, Defendant Person neglects the Court's instruction from its March 9, 2023 Order to conduct this robust meet and confer and provide a certification therefore with any such motion. This is specifically to avoid the type of unnecessary girth to the court record which Defendant Person improperly accuses Plaintiff of introducing.

"Any motion lacking an attached compliant certificate may be summarily stricken by the Court." ECF No. 5 at 3. "The parties are specifically admonished that failure to prosecute, to comply with court orders, or to comply with the local and federal rules may result in dismissal of all or part of this case, default, imposition of sanctions, or summary disposition of matters pending before the Court." *Id.* at 5. Defendant Person's original Motion to Dismiss was filed a day prior to the Court's Order and, therefore, its failure to detail a meet and confer process was naturally excused. However, the Court's Order has now been in place for five months and the failure to conduct this step should not be excused. Defendant Person unnecessarily clogs the Court with a repetitive Motion for which the issues articulated therein were previously considered by the Court and addressed by Plaintiff in its Amended Complaint in accordance with the Court's directive.

  **II. Defendant's Motion Should Be Denied Because The Court Has Personal Jurisdiction Over Defendant Person.**

"An Arizona state court may exercise personal jurisdiction over a person, whether

found within or outside of Arizona, to the maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2(a). There is ample basis here to assert specific jurisdiction over Defendant Person. Courts in the Ninth Circuit apply a three-part "minimum contacts" test to determine whether a defendant has sufficient contacts to be subject to specific personal jurisdiction. *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). Those three factors are whether:

(1) the defendant has "purposefully direct[ed] his activities toward the forum or purposefully avail[ed] himself of the privileges of conducting activities in the forum";

(2) the litigation "arises out of or relates to the defendant's forum related activities"; and

(3) exercising jurisdiction "comport[s] with fair play and substantial justice, i.e. it must be reasonable."

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (citing *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). The first two prongs are the plaintiff's burden to show, while the third prong requires the defendant to "present a compelling case." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted). Each of these prongs is satisfied as to Mr. Person.

A. <u>Mr. Person Purposefully Directed His Activities At Arizona.</u>

To meet the first element—that the defendant purposefully directed activities at the forum state—the plaintiff must show the defendant "either (1) 'purposefully availed' himself of the privilege of conducting activities in the forum, or (2) 'purposefully directed' his activities towards the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (quoting *Schwarzenegger*, 374 F.3d at 802). The purposeful direction analysis is most commonly applied in cases alleging tortious conduct. Here, NEXA's Amended Complaint alleges a single claim for tortious interference with business expectancy and relations. *Mavrix Photo, Inc. v. Brand Techs. Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011); *see generally* Am. Compl.

PLAINTIFF'S OPPOSITION TO DEFENDANT PERSON'S MOTION TO DISMISS
- 4 -

In determining whether a defendant's actions constitute purposeful direction, courts apply the "effects" test that was developed in *Calder v. Jones*, 465 U.S. 783, 789-90 (1984). The "effects" test requires that "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1206 (9th Cir. 2006).

Here, applying the *Calder* effects test, NEXA alleges that Defendant Person intentionally filed a multitude of lawsuits in bad faith and without basis, meant to negatively impact NEXA's business, which he knew was based in Arizona. Am. Compl. at ¶ 3, 6-10, 12, 18, 19, 34, 38, 41, 42, 48, 57, 66, 71-83, 86. Consequentially, these baseless lawsuits had the intended effect by preventing this Arizona business from obtaining certain licenses required to do business and expand its operations. Am. Compl. at ¶ 3, 75-86. "Uncontroverted allegations in the complaint must be taken as true, and conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Will Co., Ltd. v. Lee*, 47 F.4th 917, 921 (9th Cir. 2022). Defendant Person's affidavit does not refute numerous of the allegations in the Amended Complaint, therefore, they are taken as true. Moreover, the effects test "focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Mavrix*, 647 F.3d at 1228 (*quoting Yahoo! Inc.*, 433 F.3d at 1209). Therefore, Defendant Person's repeated citations to his activities in Illinois do not relieve him from consequences where the effects of his actions were felt.

Defendants' many lawsuits were aimed at Arizona because that is where NEXA is headquartered, where it could be properly served, where the impact on their business would be felt, where legal fees required to defend these frivolous actions would be incurred, and where discovery material, or lack thereof, related to these outrageous claims would be found. Arizona is also where NEXA's CEO, Mike Kortas, lives, who was also sued in these baseless litigations. Am. Compl. at ¶ 1, 6, 70. Additionally, another Arizona

corporation – Secured Mortgage Property – headed by Mr. Kortas' wife (also an Arizona resident) has been sued by Defendant Person in these harassing litigations. Am. Compl. at ¶ 6. Overall two natural persons residing in Arizona and two Arizona corporations have all been the subject of, or affected directly by, Defendant Persons' tortious activities aimed toward Arizona. The additional individuals Defendant Person targeted as the means of hindering NEXA's overall business were Illinois residents, enabling him to connect these threadbare claims to that forum rather than the forum state where NEXA is otherwise at home. Moreover, these connections are not isolated acts, but the result of three lawsuits, spanning eighteen total complaints initiated by Defendant Person to unreasonably target these Arizona citizens and entities. Am. Compl. at ¶ 6, 80, 83-84.

Defendant Person pleads ignorance as a defense in his Motion that his repeated actions were not expressly aimed towards the forum state. While his underlying beliefs do not weigh in this analysis, it still strains credulity that an experienced attorney intentionally filing numerous litigations targeting businesses and their executives could not foresee any harm caused to them in their state of residence and center of business. Defendant Person does admit to transmitting a cease-and-desist letter to NEXA's headquarters in Arizona. This was the first step in his harassing litigation, not an isolated and unrelated communication. Moreover, he does not deny sending other communications to related individuals and entities which unnecessarily harassed and interrupted NEXA's businesses. Am. Compl. at ¶ 8. He knew and intended for his actions to interfere with NEXA's business licenses, its reputation as an Arizona company among both its customers and employees, as well as the baseless entanglement and obstruction of Mr. Kortas' wife's company, Secured Mortgage Processing. He knew these actions would harm NEXA's business and Arizona citizens, including NEXA's CEO and the CEO's wife. Am. Compl. at ¶ 6, 80, 83-84. It is Plaintiff's allegation that this is not an inadvertent consequence but the express aim of these litigations thereby directly targeting the forum state. *Id.* Even if it was true at one time that Defendant Person did not realize his lawsuits

PLAINTIFF'S OPPOSITION TO DEFENDANT PERSON'S MOTION TO DISMISS

would cause harm in Arizona, he was specifically advised of the harm this harassment was causing there, yet he continued filing and amending these lawsuits for years without producing a shred of evidence to support them. Am. Compl. at ¶ 80.

Defendant Person coordinated and directed service efforts against NEXA and related individuals in Arizona. He does not refute this. He simply seeks to sidestep the issue by referencing how he ultimately obtained service and secured NEXA's participation in various litigations. He does not address the impact sending process servers to hound the company's CEO and his wife at their Arizona home, repeatedly disrupt NEXA's Arizona office, or target additional employees naturally have on the operations of a business and the concern it generates among other company employees. Am. Compl. at ¶ 74. It is precisely to limit such further harassment and out of a desire to quickly defuse these meritless litigations that led Plaintiff to willingly enter an appearance in one of the actions. Meanwhile Defendant Person contacting customers of a company and raising his outlandish allegations would naturally lead to negative online feedback felt by the business as a whole, and most acutely at its principal place of business, regardless of where those targeted customers are individually located. Filing lawsuits and amendments that are meritless simply to interfere with an Arizona corporation and residents' professional pursuits and intentionally cause injury is exactly the type of ongoing and persistent tortious behavior that satisfies the *Calder* effects test. Damage to reputation and damage to a company alone is sufficient to allege purposeful direction. *Power of Fives LLC v. B&R Enter. Inc.*, No. CV-22-00722-PHX-JJT, 2023 WL 244499, at *6 (D. Ariz. Jan. 18, 2023) (defendant's intentional act causing damage by adversely affecting sales in Arizona and hampering the plaintiff's reputation in Arizona satisfies the purposeful direction test).

It is simply not true that Defendant Person can avoid jurisdiction merely because he is an Illinois resident or because he is an attorney. In *Brainerd v. Governors of the University of Alberta*, the Ninth Circuit held that an Arizona court could exercise specific jurisdiction over Canadian residents who, in response to telephone calls directed to them

in Canada, made statements that allegedly defamed a person they knew resided in Arizona. 873 F.2d 1257, 1259-60 (9th Cir. 1989). Several other cases confirm that the specific targeting of an individual known to reside in Arizona satisfies the *Calder* effects test. *See e.g.*, *Saliba v. Am. Airlines Inc.*, No. CV-22-00738-PHX-SPL, 2023 WL 1107693, at *4 (D. Ariz. Jan. 27, 2023) ("A defendant's injurious communications with a plaintiff known to reside in the forum state give rise to personal jurisdiction even if the defendant himself was out of state."); *Atkins v. Calypso Systems, Inc.*, No. CV-14-02706-PHX-NVW, 2015 WL 5856881, at *7 (D. Ariz. Oct. 8, 2015) (finding specific jurisdiction where the plaintiff alleged that a defendant "intentionally called and emailed a person in Arizona, and those communications caused injury."); *Gordy v. Daily News, L.P*., 95 F.3d 829, 833 (9th Cir. 1996) (holding that specific jurisdiction existed in light of evidence of "targeting" of the plaintiff, who was a forum resident); *Lake v. Lake*, 817 F.2d 1416, 1422-23 (9th Cir. 1987) (holding specific jurisdiction was proper where defendant performed foreign acts for the purpose of having their consequences felt in the forum state); *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1398 (9th Cir. 1986) (finding purposeful availment where forum effect of a foreign act "was not only foreseeable, it was contemplated and bargained for"). These mirror the allegations set forth in the Amended Complaint against Defendant Person, documenting his efforts to target NEXA as an Arizona resident, seeking to cause harm. *See generally* Am. Compl.

B. <u>NEXA's Lawsuit Arises Out of Defendant Person's Forum-Related Conduct.</u>

The "arising out of" requirement is met if "but for" the contacts between the defendant and the forum state the cause of action would not have arisen. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995). Here, but for Defendant Person's tortious actions, NEXA would not have a cause of action against him, satisfying this element. Indeed, this action is the direct result of the tortious actions aimed at the forum. Accordingly, this factor is easily satisfied. Defendant wrongfully and summarily claims that the Amended Complaint does not allege any harm to Plaintiff's business in Arizona.

However, all of the harm inflicted upon Plaintiff's business is naturally felt at its principal place of business, the center of its operations. Plaintiff is not a parent company directing activities across the country through separate entities. All impacts to its earnings, business reputation, and costs to defend frivolous lawsuits are borne at its headquarters in Arizona.

C. <u>It Is Reasonable to Assert Jurisdiction Over Defendant Person.</u>

Finally, the exercise of jurisdiction must be reasonable, but it is the defendant's burden to show that the exercise of jurisdiction is unreasonable. *See Schwarzenegger*, 374 F.3d at 802. The Ninth Circuit considers seven factors to determine whether the exercise of specific jurisdiction over a defendant is reasonable: (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant of litigating in the forum, (3) the extent of conflicts with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the dispute, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *See Ziegler v. Indian River County*, 64 F.3d 470, 475 (citing *Terracom*, 49 F.3d at 561). Notably, fairness can be proper even if the defendant is an out of state resident, hence the need for the court to evaluate fairness in the first place. *See id.*

Here, on balance, the exercise of personal jurisdiction over Defendant Person is reasonable. First, Defendant Person purposefully interjected himself into the forum by taking numerous actions against known Arizona residents, with the intent to harm their reputation and harass. *These actions are ongoing, continuous, and systemic.* These are not the ordinary actions of an attorney merely carrying out the will of their client and zealously representing them. NEXA alleges that Defendant Person is perpetuating these frivolous lawsuits not out of a standard attorney-client relationship, but rather through a unique clandestine relationship that avoids direct payment for his services. Am. Compl. ¶ 86. He is actively directing this harassing string of litigation meant to obstruct NEXA's Arizona business rather than filing suits on which he has a good faith basis to believe his client can

succeed in. Second, although Defendant Person resides in Illinois, the Ninth Circuit recognizes that "[m]odern advances in . . . transportation have significantly reduced the burden of litigation in another [forum]." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1115 (9th Cir. 2002). The third factor weighs in favor of Plaintiff because Arizona law applies to Plaintiff's claim. The fourth factor also weighs in favor of Plaintiff because "Arizona has a strong interest in protecting" its citizens – including Mr. Kortas and his wife, as well as NEXA and Secured Mortgage Processing, "against tortious interference." The fifth factor is neutral at best because witnesses are likely based in both Arizona and Illinois, however an Arizona court will resolve a case under Arizona law more efficiently. The sixth factor weighs in favor of Plaintiff because it is an Arizona entity. The seventh factor is neutral; "the existence of an alternative forum is only an issue if jurisdiction in the forum is shown to be unreasonable." *Power of Fives LLC*, 2023 WL 244499 at *8. In all, the exercise of jurisdiction is not unreasonable here particularly given Defendant Person's ongoing actions of targeting multiple Arizona citizens.

## **CONCLUSION**

Defendant Person failed to meet and confer as directed by the Court prior to filing this Motion, therefore, it should be denied for violating the Court's March 9, 2023 Order. If considered on the merits, Plaintiff demonstrated there is more than sufficient basis to assert personal jurisdiction over Defendant Person and, accordingly, the Motion should be denied. To the extent the Court considers the Motion on the merits and does not agree it establishes personal jurisdiction, Plaintiff requests Leave to Amend the Complaint to correct any such deficiency. Leave to amend a deficient complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Given the Parties may have forestalled this Motion through discussion of potential amendment had a meet and confer taken place as intended by the Court, it follows that justice would require such leave rather than dismissal at this stage if Defendant's Motion were otherwise granted.

Respectfully submitted this 9th day of August, 2023.

PLAINTIFF'S OPPOSITION TO DEFENDANT PERSON'S MOTION TO DISMISS

**TB TIFFANY & BOSCO**
P.A.

By: */s/ Lance R. Broberg*
Lance R. Broberg
Nicholas A. Beatty
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF registrants.

By: */s/ Lance R. Broberg*