WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Nexa Mortgage LLC, | ) | No.  CV-23-00410-PHX-SPL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Smart Mortgage Centers Incorporated, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant Wilton A.  Person's Motion to Dismiss (Doc. 28), in which he seeks dismissal for lack of personal jurisdiction. This Motion is fully briefed (28, 32, 33). For the reasons that follow, the Motion will be granted.

I.      **BACKGROUND**

On December 22, 2022, Plaintiff Nexa Mortgage, LLC ("Plaintiff") initiated this action against Defendants Smart Mortgage Centers, Inc. ("Smart Mortgage") and Wilton A. Person ("Defendant Person") in Maricopa County Superior Court alleging one cause of action—tortious interference with business expectancy and relations. (Doc. 1-6 at 2–16; Doc. 26). Plaintiff is an Arizona limited liability company that offers mortgage programs and services. (Doc. 26 at 1). Smart Mortgage is an Illinois for-profit corporation providing mortgage services in several states, including Arizona. (*Id.*). Defendant Person is an Illinois resident who is admitted to practice law in Illinois. (Doc. 26 at 2; Doc 4-1 ¶¶ 2, 4).

Between February 20, 2020 and December 14, 2021, Defendant Person filed four allegedly frivolous lawsuits in Illinois courts on behalf of his client, Smart Mortgage. (*See*

Doc. 26). Smart Mortgage sued a variety of defendants in those lawsuits, including Plaintiff; Plaintiff's CEO, Mike Kortas; and Mr. Kortas's wife's company—all residents or citizens of Arizona—as well as some of Plaintiff's employees. (*Id.*). Plaintiff alleges that within the four lawsuits, Defendant Person purposefully filed eighteen total complaints and three pre-filing discovery requests on behalf of Smart Mortgage to delay the resolution of the lawsuits. (*Id.* at 14–15). Plaintiff further claims that these legal actions place its business operations in jeopardy because it has interfered with its and its brokers' ability to acquire and maintain licensure in Texas and Massachusetts. (*Id.* at 13–15).

On March 8, 2023, Defendant Person removed the case to this Court (Doc. 1) and filed a Motion to Dismiss the Complaint for lack of personal jurisdiction. (Docs. 4, 14, 17). On June 29, 2023, the Court dismissed this action against Defendant Person but granted Plaintiff leave to amend its Complaint. (Doc. 25). On July 12, 2023, Plaintiff filed an Amended Complaint. (Doc. 26). On July 26, 2023, Defendant Person filed this Motion to Dismiss Plaintiff's Amended Complaint ("Motion") for lack of personal jurisdiction. (Doc. 28).

## II. LEGAL STANDARDS

When a defendant moves to dismiss for lack of personal jurisdiction under the Federal Rule of Civil Procedure ("Rule") 12(b)(2), "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted). When the motion is based on written materials rather than an evidentiary hearing, as here, the Court must determine "whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Id.* (alteration in original) (citation omitted). "Uncontroverted allegations in the complaint must be taken as true, and conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Will Co., Ltd. v. Lee*, 47 F.4th 917, 921 (9th Cir. 2022); *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003) ("[C]onflicts between the facts contained in declarations submitted by the two sides must be resolved in [Plaintiff's] favor for purposes of deciding whether a

prima facie case for personal jurisdiction exists.").

## III.   DISCUSSION

"An exercise of personal jurisdiction in federal court must comport with both the applicable state's long-arm statute and the federal Due Process Clause." *Burri L. PA v. Skurla*, 35 F.4th 1207, 1212 (9th Cir. 2022). "Arizona's long-arm statute permits jurisdiction over non-resident defendants to the full extent allowable under the United States Constitution." *Id.* (citing Ariz. R. Civ. P. 4.2(a)). The federal Due Process Clause "requires that non-resident defendants have sufficient 'minimum contacts' with the forum state such that exercising jurisdiction would not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction can be general or specific. *Biliack v. Paul Revere Life Ins. Co.*, 265 F. Supp. 3d 1003, 1007 (D. Ariz. 2017). It is undisputed that the Court does not have general personal jurisdiction over Defendant Person in Arizona. (Doc. 28; Doc. 32). Thus, the Court only needs to review whether specific jurisdiction applies.

The Ninth Circuit applies a three-prong test for specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. Plaintiff bears the burden of establishing each of the first two prongs. *Id.* If Plaintiff satisfies them, the burden shifts to Defendant Person "to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)). In considering whether the parties have met their respective burdens, the Court takes the allegations in Plaintiff's Complaint as true, except to the extent they are controverted by facts contained in

1  Defendant Person's declaration (Doc. 4-1; Doc. 28-1). *See Will Co., Ltd.*, 47 F.4th at 921;
2  *Mattel, Inc.*, 354 F.3d at 862.

3        Turning to the first prong of the specific personal jurisdiction analysis, the plaintiff
4  must demonstrate that the defendant "either (1) 'purposefully availed' himself of the
5  privilege of conducting activities in the forum, or (2) 'purposefully directed' his activities
6  toward the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006)
7  (quoting *Schwarzenegger*, 374 F.3d at 802). "In tort cases, we typically inquire whether a
8  defendant 'purposefully direct[s] his activities' at the forum state, applying an 'effects' test
9  that focuses on the forum in which the defendant's actions were felt, whether or not the
10  actions themselves occurred within the forum." *Mavrix Photo, Inc. v. Brand Techs., Inc.*,
11  647 F.3d 1218, 1228 (9th Cir. 2011) (alteration in original) (citation omitted). Here,
12  Plaintiff has alleged a single claim for tortious interference with business expectancy and
13  relations. (*See* Doc. 26 at 8). Thus, the purposeful direction analysis applies. *See id*. The
14  effects test, which determines if the purposeful direction element is met, requires that "the
15  defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the
16  forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum
17  state." *Id*.

18        Again, the Court addresses the second element of the effects test, to see whether
19  Plaintiff has cured deficiencies previously identified in its Complaint. (Doc. 1-6 at 2–16;
20  Doc. 26; Doc. 25 at 4–5). Therefore, the Court reviews whether the Amended Complaint
21  demonstrates that Defendant Person *expressly aimed* an intentional act at Arizona.
22  *Schwarzenegger*, 374 F.3d at 806. In doing so, the Court must apply the analysis applicable
23  to tort cases—which is "look[ing] to the defendant's 'own contacts' with the forum, not to
24  the defendant's knowledge of a plaintiff's connections to a forum." *Axiom Foods, Inc. v.
25  Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) (quoting *Walden v. Fiore*, 571
26  U.S. 277, 289 (2014)). In its Amended Complaint, Plaintiff claims that Defendant Person
27  subjected himself to personal jurisdiction in Arizona because he knowingly sent process
28  servers and various correspondence and communications to Arizona residents to litigate

the Illinois lawsuits. (Doc. 26 at 2–3 ¶¶ 7–10). This is an individualized targeting argument. *See Axiom Foods.*, 874 F.3d at 1069 ("A theory of individualized targeting alleges that a defendant 'engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" (citation omitted)). An argument of individualized targeting alone, however, is insufficient to establish personal jurisdiction. *See id.* at 1070 ("[W]hile a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction . . . .").

Plaintiff has failed to cure the deficiencies in its Complaint, and more importantly, is unable to show that Defendant Person is subject to personal jurisdiction in Arizona.  The only contact Defendant Person has with the state of Arizona is linked to the judicial actions in Illinois. However, the lawsuits Defendant Person filed in Illinois does not support a finding that Defendant Person subjected himself to personal jurisdiction in Arizona. *See Adobe Sys. Inc. v. Tejas Rsch., LLC.*, No. C-14-0868 EMC, 2014 WL 4651654, at *4 (N.D. Cal. Sept. 17, 2014) ("a number of district courts have rejected personal jurisdiction premised solely on prior judicial actions in other states even when brought against a forum resident."). Plaintiff further alleges that Defendant Person purposefully directed his actions at the state of Arizona because he knew that the Illinois lawsuits would impact Plaintiff's ability to get a mortgage broker license in *Massachusetts* and expand its operations. (Doc. 26 at 13 ¶¶ 77–83, 96–97). This argument is not enough to satisfy the purposeful direction element because the injury suffered is not tethered to Arizona in a meaningful way. *Gonzalez v. US Hum. Rts. Network*, 512 F. Supp. 3d 944, 959 (D. Ariz. 2021) ("The final component of the purposeful direction tests requires that the injury suffered by the plaintiff be 'tethered' to the forum state in some 'meaningful way.'" (quoting *Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015))).  Therefore, the Court finds that Plaintiff has failed to show that Defendant Person's actions were "expressly aimed" at the state of Arizona. Thus, specific jurisdiction does not apply, and the Court need not address the remaining

elements.[1]

## IV.    CONCLUSION

In sum, Plaintiff has failed to make a prima facie showing of jurisdictional facts. Thus, Defendant Person's Motion to Dismiss will be granted.

Accordingly,

**IT IS ORDERED** that Defendant Person's Motion to Dismiss (Doc. 28) is **granted**. Plaintiff's claim against Defendant Wilton A. Person is **dismissed** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** Defendant Wilton A. Person as a party to this action.

Dated this 2nd day of November, 2023.

Honorable Steven P. Logan
United States District Judge

---

[1] The Court rejects Plaintiff's argument that Defendant Person's Motion fails to comply with the Court's March 9, 2023 Order (Doc. 5) because the Order does not require conferral for a motion to dismiss for lack of personal jurisdiction.