**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| Nexa Mortgage LLC, | No. CV-23-00410-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Smart Mortgage Centers Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendant Smart Mortgage Centers Incorporated's Motion (Doc. 68), in which it requests a 60-day "continuance" of this action, which this Court interprets as a request for an extension of time for Defendant to file a Response to Plaintiff's Motion for Summary Judgment (Doc. 66). Defendant is currently unrepresented by counsel and filed its Motion by way of Defendant's President Richard Birk's son, Brian Birk, "in anticipation of retaining legal counsel."[1] (Doc. 68 at 1).

As the Court noted in its February 4, 2025 Order granting Defendant's Application for Withdrawal as Counsel (Doc. 61), Smart Mortgage Centers Incorporated, as an entity,

---

[1] To the extent that Brian Birk is filing as a personal advocate on behalf of Richard Birk, such representation is not permitted in this Court. A non-lawyer "has no authority to appear as an attorney for others than himself." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (citation omitted). In limited circumstances, Federal Rule of Civil Procedure 17(c)(2) provides that an incompetent person who does not have a duly appointed representative may sue by a "next friend" appointed by the Court. Fed. R. Civ. P. 17(c)(2). However, here, no such appointment has occurred, nor is it appropriate for the Court to assess Robert Birk's competence and potentially appoint a next friend, as Robert Birk is not a party in this action.

cannot appear pro se in this matter. *See In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney."). In that Order, the Court advised Defendant that the Court would not permit it "to file any document or appear in any proceeding in this action through any managing member or other non-attorney, and that if it does not obtain new counsel licensed to practice before this Court it will be subject to having default and default judgment entered against it." (Doc. 61 at 1 (citing *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993))). Accordingly, Defendant's Motion for Continuance will be stricken.

However, in the interest of justice, the Court will exercise its *sua sponte* discretion to provide Defendant an additional thirty (30) days to obtain counsel and respond to Plaintiff's pending Motion for Summary Judgment (Doc. 66). The Court reemphasizes that Defendant must obtain counsel in order to file any document or appear in any proceeding in this action. *See In re Am. W. Airlines*, 40 F.3d at 1059. If Defendant fails to obtain counsel and respond to Plaintiff's Motion for Summary Judgment (Doc. 66), the Court advises Defendant that it will rule on the Motion for Summary Judgment without a Response and that the failure to respond may be treated as consent to the granting of the motion. *See* LRCiv. 7.2(i). Further, the parties are advised that the Court will not extend the dispositive motion deadline any further based on a change in counsel, and the parties should plan their litigation activities accordingly.

**IT IS THEREFORE ORDERED** that the Clerk of Court shall **strike** Defendant's unauthorized Motion for Continuance (Doc. 68).

///

///

///

**IT IS FURTHER ORDERED** that Defendant Smart Mortgage Centers Incorporated shall have until **6/9/2025**, to, first, obtain counsel and for said counsel to appear in this matter and, second, respond to Plaintiff's pending Motion for Summary Judgment (Doc. 66).

Dated this 9th day of April, 2025.

Honorable Steven P. Logan
United States District Judge