**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nexa Mortgage LLC,<br><br>              Plaintiff,<br><br>vs.<br><br>Smart Mortgage Centers Incorporated, et al.,<br><br>              Defendants. | No. CV-23-00410-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff Nexa Mortgage LLC's ("Nexa's") Motion for Summary Judgment (Doc. 66) and Motion for Leave to File Second Amended Complaint (Doc. 72). Defendant Smart Mortgage Centers Incorporated ("Smart Mortgage") has not filed any response to either of the pending motions.

After Smart Mortgage's counsel withdrew from this matter in February 2025 (Doc. 61), it was explicitly warned that, as a corporation, it could not proceed *pro se* in this action, and that if it "fails to obtain counsel and respond to Plaintiff's Motion for Summary Judgment (Doc. 66), the Court advises Defendant that it will rule on the Motion for Summary Judgment without a Response . . . ." (Doc. 69 at 2).[1] Despite this explicit warning,

---

[1] Smart Mortgage failed to respond to the Motion for Summary Judgment, but it also failed to timely respond to Nexa's Requests for Admission, which were served on February 13, 2025. (Doc. 66 at 3). Those requests may therefore be deemed admitted as a matter of law. *See* Fed. R. Civ. P. 35(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . ."). "[S]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion . . . ." Fed. R. Civ. P. 56 advisory

and despite Smart Mortgage being granted a 30-day extension to obtain new counsel and respond to the pending Motion for Summary Judgment, no new counsel has entered an appearance. By all appearances, Smart Mortgage has abandoned this litigation.

Nexa has moved for summary judgment as to Smart Mortgage's liability only, as it "seeks the opportunity to present evidence on damages at a later stage." (Doc. 66 at 16). However, the Court is disinclined to rule on the merits at this juncture, as Smart Mortgage's continued nonappearance may foreclose Nexa's ability to take the damages issue to trial.

As to Nexa's Motion for Leave to File Second Amended Complaint (Doc. 72), Nexa explained that the amendment simply clarifies a number of allegations in its First Amended Complaint and "incorporates the facts set forth in Plaintiff's summary judgment briefing as to the licensing process and conversations that occurred with regulators," and amendment would therefore not prejudice Smart Mortgage. (Doc. 72 at 2, 4). Given that Smart Mortgage failed to respond to Nexa's Motion for Leave to File Second Amended Complaint (Doc. 72), this Court may deem its nonresponse as consent to the Motion being granted. *See* LRCiv 7.2(i).

Accordingly,

**IT IS ORDERED** that Plaintiff Nexa Mortgage LLC's Motion for Summary Judgment (Doc. 66) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff Nexa Mortgage LLC's Motion for Leave to File Second Amended Complaint (Doc. 72) is **granted**. Plaintiff shall have until **July 25, 2025** to file its Second Amended Complaint on the docket. Furthermore, Plaintiff shall have until **August 1, 2025** to serve a copy of the Second Amended Complaint on Defendant Smart Mortgage Centers Incorporated and file proof of service with this Court.

---

committee's note to 2010 amendment. However, "an opposing party's failure to respond to the motion will be deemed an admission of the *facts* as presented by the moving party." *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013); Fed. R. Civ. P. 56(e)(2) (if a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."). Because of Smart Mortgage's failure to respond both to the RFAs and the MSJ, it is deemed to have admitted the relevant material facts, which could justify granting Nexa's MSJ. However, the Court will deny the motion *without prejudice* at this time given that the procedural posture of this case appears to be in limbo.

**IT IS FURTHER ORDERED** that Plaintiff Nexa Mortgage LLC shall have until **August 4, 2025** to either file an Application for Entry of Default against Defendant Smart Mortgage Centers Incorporated *or* file a status report apprising this Court of how it intends to proceed with this matter given Defendant's continued nonappearance.

**IT IS FURTHER ORDERED** that Plaintiff Nexa Mortgage LLC shall serve a copy of this Order on Defendant Smart Mortgage Centers Incorporated and file proof of service with this Court by **August 1, 2025**.

Dated this 21st day of July, 2025.

Honorable Steven P. Logan
United States District Judge