Amy W. Hoffman (SBN 022762)
Laura C. Martinez (SBN 031486)
FROST LLP
3200 N. Central Avenue, Suite 1200
Phoenix, Arizona 85012
Tel: 480-466-7005
Email: amyh@frostllp.com
Email: lmartinez@frostllp.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NEXA Mortgage, LLC, | Case No. 2:23-cv-00410-SPL |
| Plaintiff, | **MOTION TO WITHDRAW DEEMED ADMISSIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION** |
| vs. | |
| Smart Mortgage Centers, Inc, | |
| Defendant. | |

Defendant Smart Mortgage Centers, Inc. ("Smart Mortgage") pursuant to Fed. R. Civ. P. 36(b) moves to withdraw the deemed admissions in response to NEXA Mortgage, LLC's ("NEXA") Second Set of Requests for Admission ("Second Set of RFAs").

**INTRODUCTION**

Smart Mortgage acknowledges that it did not serve timely responses to the Second Set of RFAs. Although the deadline was missed, Smart Mortgage respectfully requests this Court take into consideration the circumstances regarding its delay. NEXA served its Second Set of RFAs on February 13, 2025—just nine days after this Court granted Smart Mortgage's prior counsel's motion to withdraw. At that time, Smart Mortgage was unrepresented and

1

without counsel to prepare or serve responses. In addition, the Second Set of RFAs was procedurally improper. It contained an **additional 42** individually numbered requests—nearly double the number permitted by this Court's prior order. [Doc. 41]. Many of those requests were duplicative of NEXA's First Set of Requests for Admission, to which Smart Mortgage had already responded and expressly denied. Those prior denials addressed key factual disputes central to NEXA's claims. Such issues should be resolved on their merits.

NEXA now seeks to rely on the deemed admissions to establish essential elements of its claims and damages theory. Allowing those admissions to stand would bypass a merits-based resolution. Smart Mortgage has submitted its answers to the Second Set of RFAs concurrently with this motion. NEXA will suffer no prejudice from the withdrawal of the deemed admissions, while withdrawal will promote a fair and just resolution of this matter on its merits. For these reasons, Smart Mortgage respectfully requests the Court permit withdrawal of the deemed admissions resulting from Smart Mortgages untimely response to the Second Set of RFAs.

## LEGAL ANALYSIS

Federal Rule of Civil Procedure 36 provides that a matter admitted under Rule 36, on motion, may be withdrawn by court permission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." The rule establishes a two-part test "that *must* be satisfied in order to authorize a district court to grant leave to a party desiring to withdraw an admission." *Estate of Makarowsky v. Lobdell*, C10-5423 RBL, 2011 WL 2491613, at *3 (W.D. Wash. June 22, 2011) (citing *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007)). The Court should consider this two-prong test "in view of the two goals that the rule serves: truth-seeking and efficiency." *Weil v. Walmart Inc.*, 644 F. Supp. 3d 772, 776 (D. Nev. 2022) (citing *Conlon* 474 F.3d at 621). Courts serve both goals most effectively when they resolve disputes on their merits rather than through procedural technicalities. Courts routinely grant motions to withdraw deemed admissions absent a clear showing of prejudice. *Upchurch v. USTNET, Inc.*, 160 F.R.D. 131, 132 (D. Or. 1995) (citing

*Rabil v. Swafford,* 128 F.R.D. 1 (D.D.C.1989)) ("If the party who obtained the admissions cannot show prejudice, the court should permit withdrawal or amendment."); *Upchurch v. USTNET, Inc.*, 160 F.R.D. 131, 133 (D. Or. 1995) ("even though USTNET waited eleven months to file a motion for withdrawal of its admissions, in the absence of actual prejudice, the court will grant the motion of USTNET to withdraw its admissions.").

### A. Allowing Withdrawal Will Promote Presentation on the Merits.

The first prong of Rule 36(b) is satisfied when "upholding the admissions would practically eliminate any presentation of the merits of the case." *Conlon*, 474 F.3d at 622 (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). "In exercising that discretion, the court "may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Weil*, 644 F. Supp. 3d at 777.

That is precisely the situation here. NEXA's Second Set of RFAs improperly seeks to convert disputed factual matters—already denied in the First Set of RFAs—into deemed admissions in the second, effectively disposing of Smart Mortgage's defenses. Upholding those admissions would allow NEXA to prevail on its claims without ever proving its case on the merits. Outside of the RFA's NEXA cannot substantiate any of its claims, underscoring that Smart Mortgage maintains a strong defense on the merits.

Permitting withdrawal of the deemed admissions would allow the Court to consider the actual evidence bearing on these disputed issues, consistent with Rule 36(b)'s purpose of facilitating the development of the case in reaching the truth. Moreover, Smart Mortgage's delay in responding was not a result of bad faith. NEXA served its Second Set of RFA's nine days after this Court granted Smart Mortgage's counsel permission to withdraw. At that time, Smart Mortgage was unrepresented and unable to respond until new counsel appeared. Once represented, Smart Mortgage acted promptly to prepare and serve its responses concurrently with this motion. Because no trial date has been set, allowing withdrawal of the deemed admissions ensures that this case proceeds on its merits.

### B. NEXA Will Not Suffer Any Prejudice From Withdrawal.

The second Rule 36(b) factor considers whether withdrawal would prejudice the party who obtained the admissions. Prejudice under Rule 36(b) concerns the type of harm the "party would suffer at trial." *Id*. at 776 (citing *Hadley*, 45 F.3d at 1348). It refers to the kind of "difficulty a party may face in proving its case, e.g., the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Conlon*, 474 F.3d at 622. "The focus is on the prejudice that the 'party would suffer at trial[,]' and prejudice is more likely when the motion to withdraw comes during trial." *Weil*, 644 F. Supp. 3d at 776-77 (citing *Hadley*, 45 F.3d at 1348).

Importantly, "[t]he fact that 'the party who obtained the admission will now have to convince the factfinder of its truth' does not suffice." *Id*. (citing *Conlon*, 474 F.3d at 622) (Cleaned up). Nor do inconvenience or additional discovery constitute prejudice. *See Id.* ("The *Conlon* panel all but rejected the proposition that a lack of discovery alone constitutes prejudice, especially if a court can reopen discovery."); *Conlon*, 474 F.3d at 624 ("we are reluctant to conclude that a lack of discovery, without more, constitutes prejudice"); *see also TCI Grp. Life Ins. Plan v. Knoebber,* 244 F.3d 691, 701 (9th Cir. 2001) (overruled on other grounds*, Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2011)) (For prejudice to be found there must be a harm to the plaintiff that is greater than "merely being forced to litigate on the merits…"). "The prejudice contemplated by Rule 36(b) is not that [the litigant] will have to convince the jury of the truth of the matter. []. Rather, [the litigant] must show special difficulties in obtaining the evidence required to prove the matters admitted." *Upchurch*, 160 F.R.D. at 133 (internal citation omitted).

Here, NEXA cannot show prejudice. While discovery has closed, NEXA "has made no showing that [it] is *less able to obtain the evidence required to prove the matters which had been admitted…*" *Upchurch,* 160 F.R.D. at 133 (original emphasis). Trial has not yet been set, and NEXA has long been aware of Smart Mortgage's position. The Second Set of RFAs merely repeated requests that Smart Mortgage had previously denied in the first set. The relevant information has remained fully available to NEXA through prior disclosure and discovery responses.

Even if NEXA claims reliance on the deemed admissions in place of discovery, such reliance alone does not amount to prejudice. *Conlon*, 474 F.3d at 624. Should the court deem additional discovery appropriate, reopening limited discovery would cure any potential prejudice NEXA may assert. *See Martinez v. Smith's Food & Drug Ctr., Inc.*, 2:21-CV-01199-GMN-NJK, 2022 WL 2160983, unpublished, at *5 (D. Nev. June 15, 2022) (citing *Conlon*, 474 F.3d at 623) ("the Ninth Circuit has indicated that reopening discovery may be a means to ameliorate prejudice at trial."). Permitting Smart Mortgage's responses and withdrawing the deemed admissions would allow this Court to evaluate all relevant evidence and resolve the genuinely disputed issues on their merits—consistent with Rule 36(b)'s core purpose and the interest of justice.

### C. NEXA's Statement of Facts Cannot Be Deemed Admitted if the Admissions to the Second Set of RFAs Are Withdrawn.

If the Court grants this Motion, Smart Mortgage respectfully requests the court also withdraw any prior finding that NEXA's Statement of Facts (SOF), submitted in support of its motion for summary judgment, was admitted. In submitting its SOF, NEXA relied heavily on the admissions in the Second Set of RFAs, without providing any independent evidence supporting any essential element of its claims. For example, to prove intent in interfering with the alleged business expectancy, NEXA relied solely upon the Second Set of RFAs. *See* [Doc 67 at ¶ 54] ("SMC intentionally engaged in a scheme to file and maintain the Lawsuits against NEXA to negatively impact its broker license applications and renewals. *See* RFA at ¶¶ 1, 2, 20."). No other evidence was submitted to support this essential element of NEXA's claim. This is especially egregious where Smart Mortgage's responses to NEXA's First Set of RFAs specifically denied this same request. *See* [Doc 48-6 at ¶ 7] (denying "You have consciously maintained an active docket of Lawsuits against NEXA to disrupt its license applications and renewals as well as the renewals of loan officers that previously worked at Smart and left to join NEXA.").

Because NEXA's SOF relied heavily on the Second Set of RFAs, allowing the SOF to stand would perpetuate the same procedural injustice that Rule 36(b) seeks to prevent.

Withdrawal of both the deemed admissions and any related findings will ensure this case proceeds on a full and fair evidentiary record, consistent with the principles of truth-seeking and resolution on the merits.

**CONCLUSION**

The spirit of Rule 36 requires finding the truth. For the foregoing reasons Smart Mortgage respectfully moves this Court to withdraw the deemed admissions from the Second Set of RFAs and any deemed admissions in NEXA's Statement of Facts that relies upon the Second Set of RFAs.

RESPECTFULLY SUBMITTED this 15th day of October, 2025.

FROST LLP

By: /s/ Laura C. Martinez
Amy W. Hoffman
Laura C. Martinez
Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 15, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and service to all parties/counsel registered to receive copies in this case.

/s/ Cece Reyes
*Cece Reyes*